IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02941-KLM

DONALD RUBENSTEIN,

    Plaintiff,

v.

JACOBSON TRANSPORTATION COMPANY, INC., a foreign corporation,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Amended Motion to Dismiss First Claim for Relief (Public Policy Discharge)** [#15][1] (the "Motion").

    On November 16, 2014, Plaintiff filed his Notion [sic] to Dismiss First Claim for Relief (Public Policy Discharge) [#13] (the "First Motion"), which the Court denied on November 17, 2014. *See generally Minute Order* [#14]. In its Minute Order denying the First Motion, the Court explained:

> The Motion is brought pursuant to Fed. R. Civ. P. 41 and asks the Court to dismiss one of Plaintiff's three causes of action. *Motion* [#13] at 1. While the Motion does not make it clear which subsection of Rule 41 it is filed under, based on the procedural posture of this case, the Court understands that it is brought under Fed. R. Civ. P. 41(a)(1)(i), which allows a Plaintiff to "dismiss an action without a court order . . . before the opposing party serves either an answer or a motion for summary judgment . . . ." However, regardless of which subsection of Rule 41 the Motion is brought under, the Motion must be denied. As the Court has previously made clear,
>
>> [b]oth subsections of Rule 41(a) use the term "action." In suits involving multiple claims, most circuit[s] have read this rule to

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

> > refer to dismissal of the entire action as opposed to dismissal of a single claim or of less than all the claims in the action. *See, e.g., Ethridge v. Harbor House Rest.*, 861 F.2d 1289, 1392 (9th Cir. 1988) (collecting cases). The Tenth Circuit has found no authority to support the contention that Rule 41(a) applies to dismissal of less than all claims in an action. *Gobbo Farms & Orchard v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996). Instead, a Plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15. *See Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010); *Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995); *Skinner v. First Am. Bank of Va.*, No. 93-2493, 1995 WL 507264, at *2 (4th Cir. 1995) (unpublished); *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 393-94 (6th Cir. 1979); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (3d ed. 2008).
>
> *Carskadon v. Diva Intern., Inc.*, No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013).

*Minute Order* [#14] at 1-2.

The instant Motion is identical to the First Motion with two changes. First, it modifies the title. Second, the Motion changes the rule it is filed under to Fed. R. Civ. P. 15. The Motion must be denied because Plaintiff fails to comprehend the mechanism for amending his Complaint. First, a motion to amend brought pursuant to Fed. R. Civ. P. 15(a)(1) does not require the Court's leave. Second, pursuant to D.C.COLO.LCivR 15.1,

> [a] party who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added.

Plaintiff failed to file the amended complaint, the required notice, or the redline showing the changes he is making to the original Complaint [#3]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#15] is **DENIED**.[2]

Dated:  November 18, 2014

---

[2] Under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(1), a magistrate judge may enter only a recommended disposition on dispositive motions, such as a motion to dismiss. However, notwithstanding the title of Plaintiff's Motion, this Court does not consider its resolution of Plaintiff's Motion to be dispositive.  As discussed herein, the Motion purports to seek to amend the complaint as a matter of course, which does not require Court intervention.  Therefore, ultimately, the Court resolves the Motion on procedural, rather than substantive, grounds.