IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02941-PAB-KLM

DONALD RUBENSTEIN,

    Plaintiff,

v.

JACOBSON TRANSPORTATION COMPANY, INC., a foreign corporation,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion to Correct/Amend Complaint** [#36][1] (the "Motion").[2]  As noted in the Motion,

> Plaintiff's Second Amended Complaint inadvertently amended the Complaint to add a claim for Violation of Public Policy. This claim is superseded by Plaintiff's claim for Family Medical Leave Act Retaliation and had been previously dismissed.

*Motion* [#36] at 1.  Plaintiff explains that his proposed Third Amended Complaint [#36-2]

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). As noted by Plaintiff, the proposed Third Amended Complaint eliminates a claim that was erroneously included in the Second Amended Complaint. *Motion* [#36] at 1. While this appears to be an unintentional scrivener's error, because granting the Motion will eliminate a claim asserted in the operative pleading, the Court treats the Motion as dispositive..

"corrects this error." *Id*. Accordingly, because the Motion is unopposed and seeks to eliminate a claim erroneously asserted in the operative Second Amended Complaint,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#36] be **GRANTED**. Accordingly,

IT IS FURTHER **RECOMMENDED** that the Clerk of the Court be ordered to accept Plaintiff's Second Amended Complaint [#32-2] for filing.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 4, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge